**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 8 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

vs.

RICHARD PAUL ENGDAHL,

       Defendant - Appellant.

No. 98-8109
(D.C. No. 98-CR-003-6D)
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **KELLY** and **MURPHY**, Circuit Judges, and **COOK**, District Judge.[**]

       Richard Engdahl was convicted of conspiracy to deliver methamphetamine in violation of 21 U.S.C. §§ 841 and 846.  The trial court sentenced him to 168 months imprisonment to be followed by five years of supervised release.  Engdahl appeals his conviction, listing four assignments of error of the trial court:  (1) in allowing the introduction of hearsay evidence under the coconspirator exception; (2) in admitting evidence of guilty pleas of four coconspirators; (3) in instructing the jury regarding

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable H. Dale Cook, Senior District Judge, United States District Court of the Northern District of Oklahoma, sitting by designation.

proffers and acceptance of responsibility; and, (4) in finding credible evidence to justify a sentence enhancement for the use of a firearm. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

### A. Introduction of Hearsay Evidence under the Coconspirator Exception.

During direct examination of the government's first witness, Jeffery Phipps, the government asked Phipps if he had ever heard of Engdahl. Engdahl raised a hearsay objection which was overruled. As a result of the trial court's ruling, Phipps testified he heard of Engdahl from Michael Baughman. The government then asked Phipps what Baughman told him about Engdahl. Engdahl again raised a hearsay objection which was overruled. According to Phipps, Baughman told him Engdahl was helping Baughman sell methamphetamine. The trial court ruled that since Phipps was supplying drugs to Baughman at the time of the statement, the statement fit within the coconspirator exception of Fed. R. Evid. 801(d)(2)(E).

This court's standard of review for a trial court's decision to admit or deny admission of evidence is abuse of discretion. United States v. Wittgenstein, 163 F.3d 1164, 1172 (10th Cir. 1998), cert. denied, __ U.S. __, 119 S. Ct. 2355 (1999). Coconspirator statements are admissible as nonhearsay under Fed. R. Evid. 801(d)(2)(E). However, this court has held that before allowing admission of coconspirator statements under this rule, the trial court must determine (1) a conspiracy existed; (2) the evidence shows the defendant was a member of the conspiracy; and, (3) the statements were made

during the course of and in furtherance of the conspiracy. United States v. Owens, 70 F.3d 1118, 1123 (10th Cir. 1995). While the preferred order of proof requires the government to introduce evidence of the conspiracy prior to the admission of coconspirator statements, we have held it is proper to receive such evidence subject to subsequent connection by independent evidence. United States v. Hernandez, 829 F.2d 988, 994 (10th Cir. 1987), cert. denied, 485 U.S. 1013 (1988); United States v. Troutman, 814 F.2d 1428, 1447-48 (10th Cir. 1987). In the instant case, the trial court allowed the admission of Baughman's statement to Phipps subject to later introduction of independent evidence of Engdahl's participation in the conspiracy. Such evidence was presented through other government witnesses later in the trial. The trial court's decision to admit the coconspirator's statement subject to later introduction of independent evidence of the conspiracy was proper.

### B. Admission of Guilty Pleas of Four Coconspirators.

Engdahl asserts the government improperly attempted to bolster the credibility of its witnesses by eliciting testimony that its witnesses were required to testify truthfully under the terms of their individual plea agreements. Because Engdahl failed to object to the introduction of this testimony at trial, we review for plain error. Fed. R. Crim. P. 52(b).

It is true the prosecution may not vouch for the credibility of its witnesses. However, presenting evidence of a witness's obligation to testify truthfully pursuant to

an agreement with the government and arguing this gives the witness a strong motivation to tell the truth is not, by itself, improper vouching. United States v. Bowie, 892 F.2d 1494, 1498 (10th Cir. 1990). A statement by the prosecution "is impermissible vouching only if the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal assurances of the witness' veracity or by implicitly indicating that information not presented to the jury supports the witness' testimony." Bowie, 892 F.2d at 1498; see also United States v. Hartsfield, 976 F.2d 1349, 1354 (10th Cir. 1992), cert. denied, 507 U.S. 943 (1993). Such is not the case here. Based on a review of the record, we conclude the trial court correctly determined the prosecutor's statements in this case were fair comment on the evidence and not impermissible assertions of the witnesses' credibility.

C. Instructions to the Jury Regarding Proffers and Acceptance of Responsibility.

During his examination of Phipps, defense counsel attempted to show Phipps had sold more than the 600 grams of methamphetamine to which he and the government had stipulated in his plea agreement. Defense counsel attempted to show Phipps was trying to avoid a longer sentence through this proffer. The government objected, arguing defense counsel had mischaracterized the state of the law and the evidence. The trial court sustained the government's objection to questions relating to negotiations between the government and the witness's attorney, but stated its intention to allow defense counsel "as much latitude as I can" for the purposes of impeaching the witness. Later, after a

discussion held outside the presence of the jury, the trial court instructed the jury that the plea agreement stipulation to 600 grams of methamphetamine was not inappropriate and was not indicative of improper conduct by the government. Engdahl did not object to this instruction.

During his cross-examination of Baughman, through questions relating to acceptance of responsibility and downward departures, defense counsel attempted to establish the amount of prison time Baughman avoided by cooperating with the government. The government objected and asked the court to instruct the jury regarding acceptance of responsibility and its affect on a defendant's sentence. The court so instructed the jury. Engdahl did not object to this instruction.

This court's standard of review for a trial court's decision to admit or deny admission of evidence is abuse of discretion. Wittgenstein, 163 F.3d at 1172. Errors that are not timely raised in the trial court are forfeited errors. United States v. Rodrigues-Aguirre, 108 F.3d 1228, 1235 (10th Cir. 1997), cert. denied, 522 U.S. 847. (citations omitted). "We review de novo whether a defendant's Sixth Amendment confrontation rights were violated by cross-examination restrictions, and whether any such violation was harmless." United States v. Gault, 141 F.3d 1399, 1403 (10th Cir. 1998), cert. denied, __ U.S. __, 119 S. Ct. 253.

Although Engdahl claims the trial court improperly limited his cross-examination of Phipps and Baughman, the trial court only restricted Engdahl's questions to those areas

-5-

in which the witnesses were competent to testify. The trial court's limiting instructions were correct statements of law and were necessitated by defense counsel's line of questioning of the witnesses. After review, we find no error in the trial court's decision to limit the cross-examination of these two witnesses. Because Engdahl did not timely object to either of the limiting instructions, his present complaint is forfeited. However, even if a timely objection had been made, the trial court did not err in giving either limiting instruction.

### D. Sentence Enhancement for the Use of a Firearm.

Engdahl argues the trial court erred in enhancing his sentence under U.S.S.G. § 2D1.1(b)(1) for the possession of firearms. This court reviews a trial court's factual findings under § 2D1.1(b)(1) for clear error only. United States v. Smith, 131 F.3d 1392, 1400 (10th Cir. 1997), cert. denied, 522 U.S. 1141 (1998).

In the instant case, the record shows Engdahl possessed several firearms and had actual knowledge other conspirators had firearms as well. We find no error in the trial court's decision to enhance the sentence under § 2D1.1(b)(1).

AFFIRMED.

Entered for the Court


H. Dale Cook
U.S. District Judge

-6-